ARTHUR JORDAN V. THE STATE.

No. 10838.  Delivered April 27, 1927.

**Transporting Intoxicating Liquor—New Trial—Controverted by State— Properly Refused.**

Where appellant moved for a new trial on account of the refusal of a continuance, for an absent witness, and the motion was controverted by the state, by an affidavit of the County Attorney that the absent witness had testified before the grand jury to an entirely different state of facts than those set out in appellant's application for a continuance, the motion for a new trial was properly overruled. See Art. 757, Vernon's C. C. P., and authorities cited.

Appeal from the District Court of Marion County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*P. G. Henderson* and *J. H. Benefield* of Jefferson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor, punishment one year in the penitentiary.

The record contains but one bill of exceptions. Appellant applied for a continuance. The indictment alleged the transportation of intoxicating liquor on May 1, 1925. Appellant alleges

in his application that he had prepared himself for trial on the supposition that the state would rely on the date alleged, and he had witnesses to prove an alibi. He further shows that he learned on the morning of the trial that the state would rely on witnesses to show that he transported liquor on May 1, 1924, a year before the date alleged. The date alleged is not material, if within the statutory period of limitation. He asked a continuance because of the absence of one Bennett, whose testimony does not seem to be material to the proposition of transportation of the liquor in question on May 1, 1924; also because of the absence of one Dee Cotton, by whom he expected to prove as follows: "That if the whiskey was transported as alleged in the indictment, that same occurred after May 1, 1925, and that said Dee Cotton was the owner of the car and that Arthur Jordan (appellant) was only a guest in the car." Process for Dee Cotton had been procured and served upon him on behalf of the state in 1925. The trial of this case was in November, 1926. Both the state and the accused had process issued for Cotton in November, 1926, which was returned not served, the return upon one subpoena stating that the witness was out of the county, and the return upon the other stating that witness was in Childress County. Appellant sought a new trial because of the refusal of his application for said continuance. This application was controverted by the state, and to its traverse was attached an affidavit of the County Attorney in which he set up that the absent witness Dee Cotton had appeared before the grand jury at the time this indictment was returned and had there testified that he was present in Marion County at the time and place fixed by the state witness Pruitt as that on which appellant transported intoxicating liquor in 1924, and that said witness Cotton had testified before said grand jury that he saw appellant drive a car up to a certain camp and there deliver to a negro named Ben certain whiskey, and that he saw said negro Ben deliver to appellant money. Our statutes authorizes the state to contest appellant's motion for new trial. See Art. 757, Vernon's C. C. P., and authorities cited. Said statute provides that the court may hear evidence by affidavits or otherwise in determining the issue made by the traverse of such application. It thus appearing that there was no likelihood that the absent witness would give the testimony expected from him, as stated in the application, the refusal of the application and of the motion for new trial were proper.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*